UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24314-BLOOM

ROBERT LEWIS MORGAN,

    Plaintiff,

v.

DAVID ACOSTA,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Robert Lewis Morgan's Complaint, ECF No. [1] ("Complaint"), filed pursuant to 28 U.S.C. § 1983. Plaintiff has not sought leave to proceed without payment of the filing fee and therefore has not been granted *in forma pauperis* ("IFP") status. The Complaint is subject to screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), which does not distinguish between plaintiffs who proceed IFP and those who pay the filing fee. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). For reasons set forth below, the Complaint is dismissed.

**I.    BACKGROUND**

Plaintiff, a prisoner at Coleman Low Federal Correctional Institution, brings this action against Defendant "Homeland Security Investigations" Special Agent David Acosta ("Acosta"). ECF No. [1]. Plaintiff alleges that his Fourth Amendment rights were violated when Acosta unlawfully arrested and detained him. Specifically, Plaintiff alleges that at approximately 2:00 p.m. on May 24, 2016, near Sunrise Boulevard in Fort Lauderdale, Florida, Acosta instructed unnamed officers from the Broward County Sheriff's Office to "forcefully remove" Plaintiff from his vehicle and place him in handcuffs. *Id.* at ¶ 4. Without probable cause or a warrant, Acosta

compelled Plaintiff "against his will, to go with him to Miami, Florida," where he was detained for nine and a half hours. *Id.* at ¶ 5. Plaintiff was released the same day "without explanation, and no charges were brought on this day." *Id.* Plaintiff states that as a result of the constitutional violation, he was deprived of his liberty and he has suffered great mental anguish, humiliation, and injury "to his good name and reputation." *Id.* at ¶ 7. He seeks a judgment of $712,000 and "[a]ny other relief that the Court may consider just and proper." *Id.* (alteration added).

## II.    STANDARD OF REVIEW

Because Plaintiff sues a federal actor and alleges a Fourth Amendment claim, the Court liberally construes his Complaint as one filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). The Eleventh Circuit applies § 1983 law to *Bivens* claims. *See Glover v. Eight Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force*, 225 F. App'x 781, 784 (11th Cir. 2007) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)). By itself, § 1983 "does not create any substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). "Therefore, to prevail in a § 1983 action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state law." *Id.* (citing *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)).

"Under § 1915A, the district court is required to review a complaint in which a prisoner seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." *Thompson*, 213 F. App'x at 942. In reviewing the complaint under § 1915A, the court takes the allegations as true. *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008); *see also Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, under § 1915A, courts may dismiss as frivolous claims that lack any arguable basis either in fact or in law, are "based on an indisputably meritless legal theory," or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

The standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) are the same as the standards that govern dismissal under § 1915A for failure to state a claim. *See White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020). Thus, a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted). A court may dismiss a case sua sponte when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)).

Furthermore, under § 1915A(b)(1), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Compare Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *with Leal*, 254 F.3d at 1279. Put differently, "an action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and internal quotation marks omitted).

### III.  DISCUSSION

Plaintiff's Complaint is barred by the doctrine of *res judicata*. "The doctrine of *res judicata* 'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'" *Christman v. St. Lucie Cnty.*, 509 F. App'x 878, 878 (11th Cir. 2013) (quoting *Ragsdale v.*

*Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)) (emphasis in original). "*Res judicata* is founded on the principle that a prior 'opportunity to litigate protects a party's adversaries from the . . . vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quoting *Ragsdale*, 193 F.3d at 1238) (emphasis and alterations in original). A subsequent action is barred by *res judicata* when four requirements are met: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties must be identical in both suits; and (4) the same causes of action must be involved in both cases." *Id*. at 878-89.

Here, Plaintiff filed two substantially similar complaints in *Morgan v. Acosta*, No. 20-23075-CMA (S.D. Fla. Dec. 1, 2020), ECF No. [14] (dismissing complaint without prejudice as an impermissible shotgun pleading) ("Morgan I"), and *Morgan v. United States*, No. 21-21827-MGC (S.D. Fla. May 18, 2021), ECF No. [3] (dismissing complaint with prejudice as untimely, for failure to state a claim, and frivolity) ("Morgan II"). The complaint in Morgan II involved the same parties, Plaintiff and Special Agent Acosta, as well as the same cause of action, a Fourth Amendment violation stemming from Plaintiff's May 24, 2016 allegedly unlawful arrest. *Id.* at 1-3; ECF No. [1] at 1-2. Moreover, the judgment in Morgan II was rendered by a court of competent jurisdiction and it was a final judgment on the merits because the District Court dismissed the case with prejudice. *Morgan*, No. 21-21827-MGC, ECF No. [3] at 3; *see Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (finding that the Fed. R. Civ. P. 12(b)(6) dismissal with prejudice was an adjudication on the merits).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE** as barred by *res judicata*;

2. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**,

Case No. 21-cv-24314-BLOOM

      all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

   3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Robert Lewis Morgan, *Pro Se*
13829-104
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521